**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **JOSEPH DAVID BORCHERS**, | Case No. 2:24-cv-01484-IM |
| Petitioner, | |
| | **OPINION AND ORDER** |
| v. | |
| **STATE OF OREGON**, | |
| Respondent. | |

**IMMERGUT, District Judge.**

Petitioner Joseph David Borchers ("Petitioner"), an individual in custody at Snake River Correctional Institution, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254 ("Section 2254"). Because Petitioner's habeas petition is barred by the applicable one-year statute of limitations, and because there is no apparent basis for equitable tolling such that the petition may be rendered timely, the Court denies the Petition for Writ of Habeas Corpus (ECF No. 2) and denies a certificate of appealability.

PAGE 1 – OPINION AND ORDER

**BACKGROUND**

In 2016, a Marion County grand jury returned an indictment charging Petitioner with three counts of Rape in the First Degree; four counts of Sexual Abuse in the First Degree; three counts of Unlawful Sexual Penetration in the Second Degree; two counts of Sexual Abuse in the Third Degree; two counts of Coercion; and one count of Assault in the Fourth Degree. (Resp't Exs., Ex. 102 at 1, ECF No. 22.) Petitioner ultimately pleaded no contest to one count of first-degree rape and three counts of first-degree sexual abuse, and the trial court sentenced Petitioner to a 175-month term of imprisonment. (Resp't Exs. 104 at 70, 105 at 40-44.) The trial court entered Petitioner's judgment of conviction on September 27, 2017. (Resp't Ex. 101.)

Petitioner did not pursue a direct appeal but filed a petition for postconviction relief ("PCR") on September 12, 2019. (Resp't Ex. 107.) In his counseled third amended PCR petition, Petitioner asserted that his trial attorney had been constitutionally ineffective and that the trial court had imposed a disproportionate sentence in violation of Oregon law. (Resp't Ex. 109 at 3-7.) After a trial at which Petitioner testified, the PCR court denied relief. (Resp't Exs. 127, 128.)

Petitioner appealed the PCR court's judgment, but the Oregon Court of appeals affirmed without opinion. (Resp't Exs. 130, 133.) On March 7, 2024, the Oregon Supreme Court denied review. (Resp't Ex. 134).

On September 5, 2024,[1] Petitioner filed a federal habeas corpus petition in this Court. Respondent argues that this Court should deny habeas relief because the petition is untimely. (Resp. to Pet. at 3, ECF No. 20.) Petitioner did not file a supporting brief or otherwise respond to

---

[1] September 5, 2024 is the date Petitioner signed the petition and presumably handed it to prison officials for mailing. *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (explaining that under the mailbox rule, a *pro se* habeas petition "is deemed filed when [an individual in custody] hand[s] it over to prison authorities for mailing to the relevant court").

PAGE 2 – OPINION AND ORDER

Respondent's argument.[2] Petitioner therefore has failed to sustain his burden of demonstrating that he is entitled to habeas relief. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (recognizing that a habeas petitioner carries the burden of proving his case). Nevertheless, this Court has thoroughly reviewed the existing record and agrees that the petition is time-barred in this case.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations that applies to a petition for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Unless tolled or subject to delayed accrual, the limitations period commences when the judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). The period of direct review includes the ninety-day period within which a petitioner can petition for writ of certiorari with the United States Supreme Court, whether or not he files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

The limitations period is statutorily tolled during the pendency of a "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). A properly filed application remains "pending as long as a state avenue for relief remains open, whether or not a petitioner takes advantage of it." *Melville v. Shinn*, 68 F.4th 1154, 1156 (9th Cir. 2023). The limitations period is not tolled, however, "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." *Grant v.*

---

[2] This Court previously granted Petitioner several extensions of time to file a supporting brief. (ECF Nos. 26, 29, 32.)

PAGE 3 – OPINION AND ORDER

*Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (quoting *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006)).

The trial court entered Petitioner's judgment of conviction on September 27, 2017. (Resp't Ex. 101 at 9.) Because Petitioner did not file a direct appeal, the limitations period began to run on October 27, 2017, thirty days after the judgment was entered. *See* 28 U.S.C. § 2244(d)(1)(A) (instructing that the limitations period commences when the judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review"); *see also* OR. REV. STAT. § 138.071(1) ("a notice of appeal must be served and filed not later than 30 days after the judgment . . . was entered in the register"). Petitioner then filed his PCR petition on September 12, 2019,[3] tolling the AEDPA's statute of limitations. The PCR court denied relief, and Petitioner appealed. The Oregon Court of Appeals affirmed without opinion, and, on March 7, 2024, the Oregon Supreme Court denied review. Petitioner thereafter had fourteen days to seek reconsideration, although he declined to do so. *See* OR. R. APP. P. 9.25(1) (instructing that "[a] party seeking reconsideration of a decision of the Supreme Court shall file a petition for reconsideration within 14 days after the date of the order or opinion being challenged"). Petitioner's PCR petition therefore remained pending until March 21, 2024, when the time for seeking reconsideration expired and "the application ha[d] achieved final resolution through the State's post-conviction procedures." *Melville*, 68 F.4th at 1160 (simplified). Petitioner then signed his federal habeas petition on September 5, 2024.

---

[3] Because state law dictates when a PCR petition is properly filed, *Orpiada v. McDaniel*, 750 F.3d 1086, 1089 (9th Cir.), *cert. denied*, 574 U.S. 99 (2014), and Oregon has rejected the mailbox rule in the context of commencing a PCR proceeding, *Baldeagle v. Lampert*, 185 Or. App. 326, 330-32 (2002), the statute of limitations was not tolled in this case until Petitioner's PCR petition was filed in state court.

Between October 27, 2017—when the judgment became final—and September 12, 2019—when Petitioner filed his PCR petition—685 days accrued. Between March 21, 2024—when Petitioner's PCR petition "ceased to be pending"—and September 5, 2024—when Petitioner signed his federal habeas petition and delivered it to prison officials for mailing—168 days accrued. In total, Petitioner waited 853 days before filing for federal habeas relief, which exceeds the 365 days permitted under the AEDPA. Because Petitioner took more than 365 days to file his habeas petition, it is untimely.

Petitioner nevertheless states in the petition that he experienced "mental hardships" in the first year of his incarceration that prevented timely filing. (Pet. at 10.) Even assuming such hardships amounted to "extraordinary circumstances" that prevented Petitioner from filing his federal habeas corpus petition, Petitioner was not diligent. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (explaining that the one-year limitations period may be equitably tolled upon a showing "'(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). Indeed, Petitioner states that his condition improved in September 2018, but he still waited until September 2019 to file his PCR petition and then waited another five months to file his federal habeas petition after his PCR proceedings concluded. Equitable tolling therefore does not apply, and the petition must be denied as untimely.

///

///

///

///

PAGE 5 – OPINION AND ORDER

**CONCLUSION**

For the reasons stated, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 2), and DISMISSES this proceeding, with prejudice. Petitioner has not made a substantial showing of the denial of a constitutional right, and therefore the Court DENIES a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 1st day of July, 2026.

/s/ Karin J. Immergut

Karin J. Immergut
United States District Judge